Hon. A. M. BUCHANAN, ⎫
Hon. H. M. SPOFFORD, ⎪ *Associate Justices.*
Hon. C. VOORHIES, ⎬
Hon. J. L. COLE. ⎭

LATTIER, Administrator, *v.* PRUDENT RACHAL.

The only persons who have an interest in opposing the *submission* by an Administrator of any of the interests of a succession, to arbitrators, are the heirs and creditors.

APPEAL from the District Court of Nachitoches, *Chaplin,* J.
*J. G. Campbell,* far plaintiff. *Hamilton & Chaplin,* for defendant and appellant.

COLE, J. This appeal is taken from a judgment of the lower court, homologating the award of the arbitrators in relation to the matters in dispute between the parties, plaintiff and defendant.

On the 25th of April, 1854, the plaintiff, acting in the capacity of administor of the succession of *Dominique Rachal,* father of the defendant, and *Prudent Rachal,* the defendant, entered into an agreement to submit the case then pending between them to judicial arbitrators.

The arbitrators selected accepted the trust, and were qualified on the 19th July, 1854; and on the 4th of June, 1856, they rendered their award.

On the 27th of August, 1856, the plaintiff applied for a rule on defendant, to show cause why the said award should not be affirmed and made the judgment of the court.

The defendant answered and urged several objections to the homologation of the award, which will be considered in their order:

1st. "That the administrator being without interest, could not submit the matters in dispute to an arbitration."

The only parties who have an interest in opposing the right of an administrator to submit any interests of the estate to arbitration are the heirs and creditors. In this case, it does not appear that the estate is insolvent, and no

LATTIER
v.
RACHAL.

opposition has been made by the creditors to the submission to arbitration of the lawsuit that existed between the parties, and there is an admission in the record that "the widow and heirs of *Dominique Rachal* approve and ratify the submission and award made in this case, and desire that the same be homologated."

Although then, it should be conceded, that administrators have no right to submit to arbitration the interests of the estate they may administer, yet as such prohibition is intended to protect the right of parties interested, submissions thus made are not absolutely null, and their want of authority may be cured by the acquiescence and ratification of the parties represented by them.

In the case of *Delabigarre* v. *Second Municipality*, 3 A. 238, it was held, that when an *executor* had *compromised* a claim of the succession without having been authorized by the court, the *heirs alone* could take advantage of the omission.

2d. "That after the agreement had been entered into, the plaintiff violated it by filing an amended petition."

This amendment made no change in the issue, and was really advantageous to defendant, for it set forth minutely the items of his account that would be opposed. It does not appear there was any objection made to the filing of the amended petition. The amendment and submission were both filed on the same day, but the former appears from the minutes to have been filed first in order of time.

Besides, defendant was often present at the sessions of the arbitrators, and *J. B. Smith*, one of the arbitrators, was also his counsel in the cause, which was submitted to arbitration, and *A. H. Pierson*, who was the counsel of plaintiff, was the other arbitrator.

It is reasonable to suppose that the filing of this amended petition was done with the consent of defendant, or at least, that he agreed it should be considered by the arbitrators in their examination of the rights and liabilities of the respective parties.

3d. "That the said award was to be filed on or before the 15th November, 1854, whereas it was only filed on the 4th of June, 1856, and that the arbitrators had no right to extend the time."

There were several motions for extension of time made by the arbitrators and counsel of the parties, during the progress of the sessions of the arbitrators, and on the 16th of May, 1856, the following agreement was filed in court:

"In this case it is agreed by the undersigned, arbitrators and counsel, that the time of rendering their award shall be extended to the 16th day of June, 1856, and that all questions that have to be settled by the court and the homologation of the award, be heard and decided by the court in chambers, reserving the right of either party to oppose the award, as if this agreement had not been made, and with the right to appeal from the judgment of the court, as if this judgment had been rendered in open court; they move the court to extend the time according to this agreement.

Signed on this 15th day of May, 1856.

(Signed)                  A. H. PIERSON,
                                Arbitrator and Counsel.
                 JOHN B. SMITH,
                                Arbitrator and Counsel.

The following order was made on the 16th May, 1856 :

"In this case on agreement filed, it is ordered that the time allowed the arbitrators to render their award be extended until the 16th day of June, 1856."

The award was filed on the 4th of June, 1856. The evidence also shows that defendant was often present at the sessions of the arbitrators, and never objected to the extension of time ; besides his counsel agreed to the same, and it is proved,' that defendant considered *J. B. Smith* as acting as counsel, and also as arbitrator, up to the time of rendering the award.

It appears also, that defendant was cognizant of the extension of time, and made no objection.

4th. "That defendant was not notified of the time and place of meeting, nor was he afforded an opportunity of presenting all of his evidence."

The testimony establishes that he was often present at the meetings of the arbitrators. *J. B. Smith* testifies that although not positive, he "believes he (defendant) was present at the session before the award was signed."

*A. H. Pearson* testifies, that "both parties attended their sessions during the present year, previous to the award."

The objections of the defendant to the award are strictly technical, and do not touch the merits.

As we do not consider there is any force in the opposition to the award, the judgment must be affirmed.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed with costs.